**Lon Miller, Creditor, Appellant, v. Wm. E. Schackmann, Administrator, Appellee.**

February term, 1941. Heard in this court at the Opinion filed October 27, 1941.

CLAUDE W. McDANIEL, of Casey, for appellant.

KASSERMAN & KASSERMAN, of Newton, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Jasper county, Illinois, on a petition of a creditor (Lon Miller, appellant, hereinafter called plaintiff), for removal of the public administrator, Wm. E. Schackmann, appellee (hereinafter called defendant), as administrator of a certain estate, and for citation to compel discovery of assets, which order denied the prayer of the petition that certain notes and mortgages be required to be inventoried in such estate, and likewise denied the prayer of the petition as to the removal of the administrator.

The action arose on the petition of the appellant, as a creditor, for the removal of the public administrator, who was appointed as administrator in ancillary proceedings in this State in the matter of the estate of Lillie M. Kasserman, deceased. It was the contention of the petitioner that the public administrator had failed to inventory as assets in Illinois, the mortgages owned by the deceased, which were secured by real estate located in Jasper county, Illinois. Such mortgages had been held in Florida by the executor of the estate of the deceased, and primary administration was had under the will of the deceased, in Florida. There was a deficiency of assets to pay Illinois creditors in the ancillary administration in this State. The petitioner was a first-class creditor whose claim had been allowed, and the citation was designed to force the administrator to inventory the mortgages referred to in order to make such mortgages available in Illinois, as assets for payment of claims allowed in this State. The prayer of the petition included the request to remove the administrator. Upon hearing, in the county court of Jasper county an order was entered finding that the mortgages should have been inventoried in such county. On appeal to the circuit court of Jasper county, such order was reversed, and the court there found that the mortgages were located

in Florida at the time of the death of the deceased, and that the inventory of such notes and mortgages in the principal administration in Florida was proper and exclusive.

On appeal to this court the appellee filed a motion to dismiss the appeal on the ground that appellant had failed to file a sufficient abstract of record. Such motion to dismiss the appeal was made long after the time fixed for the filing of briefs of appellee and was, therefore, made too late for consideration by this court. As a matter of fact, the abstract, as submitted by appellant, was entirely adequate in view of the only issue which is presented for the consideration of this court. The motion to dismiss the appeal is, therefore, denied, and we shall proceed to a consideration of this case on the merits.

While a number of collateral points are made by the plaintiff, the only issue, in fact, to be determined is whether or not the notes, and the mortgages securing such notes, on Illinois real estate, were required to be inventoried in this State by the administrator in the ancillary administration here. The notes and mortgages had been disposed of in the principal administration in Florida.

It is contended by the plaintiff that the situs of the notes and mortgages for the purpose of inventorying of assets, under the provision of the Wills Act. Chapter 148, 1939 Ill. Rev. Stat., sec. 10 [Jones Ill. Stats. Ann. 110.222], is where the debtor resides, and is not at the domicile of the decedent. The language of the provision of the statute involved, which was in force until January 1, 1940, the effective date of the new Probate Act is, "For the purpose of granting administration of both testate and intestate estates, the situs of specialty debts shall be where the instrument happens to be, and of simple contract debts and other choses in action, where the debtor resides." The

decedent died on April 20, 1935. The fact that Florida was the domicile of such decedent had been established and was not questioned in this proceeding. Principal administration was had in Florida (after an unsuccessful attempt was made to establish such administration in Illinois). Ancillary administration was instituted on October 7, 1937. There had been a distribution in kind of the mortgage notes involved in this proceeding, to a residuary legatee, pursuant to the will of the deceased.

No attempt is therefore made to contend that the Probate Act now in force in this State is applicable to this proceeding, but the determination of whether or not the circuit court properly refused to compel the administrator to inventory the notes and mortgages referred to, in Illinois, depends upon consideration of the section of the act referred to in this opinion, and the law relating to this problem, whether by decision or statute, uneffected by the provisions of the new Probate Act.

While many references may be found in cases decided in this and other States, characterizing notes secured by real estate mortgages, as "choses in action," when the language "specialty debts" is used and contrasted with language referring to "simple contract debts and other choses in action," it is obvious that the term "specialty debts" includes obligations secured by real estate mortgages. Specialty debts have been interpreted in certain legal compilations as including real estate mortgages (58 Corpus Juris 825). Since the time of the amendment of the Illinois Act in 1909, to the time of the adoption of the present Probate Act, the situs of specialty debts for purposes of administration, is where the instrument happens to be (*Harris v. Chicago Title & Trust Co.*, 251 Ill. App. 240, 259, aff'd 338 Ill. 245; *Martin v. Central Trust Co.*, 327 Ill. 622).

As stated in the case of *Martin v. Central Trust Co.,* *supra,* at page 634 "The word 'specialty' in its technical significance, imports an instrument under seal for the payment of money. . . . As the bonds were specialty debts and were in Illinois at the time the testator died, they were properly inventoried as property belonging to the estate in Illinois." In the instant case, the mortgage obligations, which were likewise under seal, were in Florida at the time the testatrix died, and we must, therefore, conclude, on a consistent interpretation of the section of the act referred to, that it would not have been proper to inventory such assets in Illinois, and that they were properly inventoried in the primary administration in Florida, where such mortgages "happened to be" at the time of the death of the decedent.

We therefore, conclude, under the facts and circumstances in this case, that the order of the circuit court refusing to order that such mortgages be inventoried by the ancillary administrator with will annexed, in this State, was proper.

The order of the circuit court of Jasper county appealed from, is, therefore, affirmed.

*Affirmed.*